UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
JORGE JOYA,                                      08 CV 5328 (PKL)

                Plaintiff,        **VERIFIED ANSWER**

    -against-

VERIZON NEW YORK, INC., and
MASTEC NORTH AMERICA, INC.,

              Defendants.
-------------------------------------X

Defendant **MASTEC NORTH AMERICA, INC.**, by its attorneys JONES HIRSCH CONNORS & BULL P.C., as and for its Answer to plaintiff's Verified Complaint, alleges as follows upon information and belief:

## AS TO THE FIRST CAUSE OF ACTION

FIRST: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Verified Complaint designated "1".

SECOND: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Verified Complaint designated "2".

THIRD: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Verified Complaint designated "3".

FOURTH: Denies the allegations contained in the paragraph of the Verified Complaint designated "4", except admits that answering defendant is a Florida corporation licensed to do business in the State of New York.

FIFTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Verified Complaint designated "5".

SIXTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Verified Complaint designated "6", except begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

SEVENTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Verified Complaint designated "7", except begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

EIGHTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Verified Complaint designated "8".

NINTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Verified Complaint designated "9", except begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

TENTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Verified Complaint designated "10", except begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

ELEVENTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Verified Complaint designated "11", except begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

TWELFTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs

of the Verified Complaint designated "12", except begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

THIRTEENTH:    Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Verified Complaint designated "13", except begs leave to refer all questions of law to the Court and all questions of fact to the trier thereof.

FOURTEENTH:    Denies the allegations contained in the paragraphs of the Verified Complaint designated "14".

FIFTEENTH:    Denies the allegations contained in the paragraphs of the Verified Complaint designated "15".

SIXTEENTH:    Denies the allegations contained in the paragraphs of the Verified Complaint designated "16".

## AS TO THE SECOND CAUSE OF ACTION

SEVENTEENTH:    Answering defendant repeats, reiterates and realleges each and every admission or denial made in response to paragraphs "1" through "16" with the same force and effect as

- 4 -

though fully set forth herein in response to paragraph "17" of the Verified Complaint.

EIGHTEENTH:    Denies  the  allegations  contained  in  the paragraphs of the Verified Complaint designated "18".

NINETEENTH:    Denies  the  allegations  contained  in  the paragraphs of the Verified Complaint designated "19".

## AS TO THE THIRD CAUSE OF ACTION

TWENTIETH:    Answering defendant repeats, reiterates and realleges each and every admission or denial made in response to paragraphs "1 through 19" with the same force and effect as though fully set forth herein in response to paragraph "20" of the Verified Complaint.

TWENTY-FIRST: Denies  the  allegations  contained  in  the paragraphs of the Verified Complaint designated "21".

TWENTY-SECOND: Denies  the  allegations  contained  in  the paragraphs of the Verified Complaint designated "22".

## AS AND FOR A FIRST, SEPARATE AND    DISTINCT AFFIRATIVE

- 5 -

**DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

TWENTY-THIRD: That the damages allegedly suffered by the plaintiff were caused in whole or in part by the culpable conduct of the plaintiff himself.    The plaintiff's claim is therefore barred or diminished in the proportion that such culpable conduct of the plaintiff bears to the total culpable conduct causing the damages.

**AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

TWENTY-FOURTH: Plaintiff assumed the risk for injury and/or damages and/or loss of the property, if any, expressly or impliedly, as alleged in the Verified Complaint.

**AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

TWENTY-FIFTH: In the event plaintiff recovers a verdict or judgment against this defendant, then said verdict or judgment must be reduced pursuant to CPLR §4545(c) by those amounts which have been or will, with reasonable certainty, replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss from any collateral source such as insurance, social security, Workers' Compensation or employee benefit programs.

- 6 -

**AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

TWENTY-SIXTH:  The negligent acts or omissions, if any, set
forth in plaintiff's Verified Complaint were committed by third
parties over which this answering defendant had no control and
is not responsible for as a matter of law.

**AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

TWENTY-SEVENTH:  That the liability or equitable share of
the damages, if any, of the answering defendant to the plaintiff
is limited in accordance with the provisions of Article 16 of
the CPLR.

**AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

TWENTY-EIGHTH:  The plaintiff's action is barred and/or any
recovery for any claim of damages herein is accordingly
diminished by the recalcitrant worker doctrine.

**AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

TWENTY-NINTH:  That the purported causes of action in the
plaintiff's Verified Complaint fail to state a cause of action
upon which relief can be granted as a matter of law.

**AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

THIRTIETH:    That  the  adjudication  of  this  action  may  be
governed  by  the  laws  of  a  State  other  than  the  State  of  New
York.

**AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

THIRTY-FIRST:    That  the  causes  of  action  alleged  in  the
Verified  Complaint  are  barred  by  the  expiration  of  the
applicable statute of limitations.

**AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

THIRTY-SECOND:    That defendant objects to the venue of this
action as improper under 28 U.S.C. §1391.

**AS AND FOR AN ELEVENTH, SEPARATE AND  DISTINCT AFFIRATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

THIRTY-THIRD:    That  the  within  Court  and  venue  is  an
inconvenient  forum  for  the  adjudication  of  this  action  and  it
must therefore be dismissed.

**AS AND FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

THIRTY-FOURTH:    That  the  venue  of  this  action  must  be
changed pursuant to 28 U.S.C. §1404.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT VERIZON NEW YORK, INC., THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

THIRTY-FIFTHH:    That  if  the  plaintiff  sustained  the injuries and damages in the manner and at the time and place alleged, and if it is found that the answering defendant **MASTEC NORTH AMERICA, INC.** is liable to plaintiffs herein, all of which is specifically denied, then said answering defendant, on the basis  of  apportionment  of  responsibility  for  the  alleged occurrence, is entitled to contribution from the co-defendant, **VERIZON NEW YORK, INC.**, to pay for all or part of any verdict or judgment  that  plaintiff  may  recover  against  the  answering defendant proportionate to the co-defendant's actual negligence.

**AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT VERIZON NEW YORK INC., THIS ANSWERING DEFENDANT ALLEGES AS FOLLOWS:**

THIRTY-SIXTH:  That if the plaintiff sustained the injuries and damages in the manner and at the time and place alleged, and if  it  is  found  that  the  answering  defendant  **MASTEC  NORTH AMERICA, INC.**, is liable to plaintiffs herein, all of which is specifically denied, then said answering defendant, on the basis contractual  and  common-law  indemnification,  is  entitled  to recovery from the co-defendant **VERIZON NEW YORK, INC.** to pay for all  or  part  of  any  verdict  or  judgment  that  plaintiff  may recover against the answering defendant.

**WHEREFORE**, defendant **MASTEC NORTH AMERICA, INC.** demands judgment dismissing plaintiff's Verified Complaint against it and further demands that in the event said answering defendant is found liable to plaintiff herein then said answering defendant, on the basis of apportionment of responsibility and indemnity, have judgment over and against defendant **VERIZON NEW YORK, INC.** for all or part of any verdict or judgment that plaintiff may recover against said answering defendant, together with the costs and disbursements of this action, and for any expenses incurred by it in the defense thereof, including attorneys' fees actually expended.

Dated:    New York, New York
          July 14, 2008

                              **JONES HIRSCH CONNORS & BULL P.C.**

                    By:       _____
                              Neil E. Higgins, Esq. (NEH4736)
                              Attorneys for Defendant
                              **MASTEC NORTH AMERICA, INC.**
                              One Battery Park Plaza
                              New York, New York  10004
                              (212) 527-1000

TO:   **GINARTE, O'DWYER, GONZALEZ
      & WINOGRAD, LLP**
      Attorneys for Plaintiff
      225 Broadway, 13th Floor
      New York, NY 10007
      (212-601-9700)

      **VERIZON NEW YORK, INC.**
      1095 Avenue of the Americas
      New York, New York 10036

- 10 -

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                     )   SS.:
COUNTY OF NEW YORK   )


**CYNTHIA LOVELACE**, being duly sworn, deposes and says:

I am not a party to this action, I am over the age of 18 years and reside in Nassau County, New York.

On July *16th,* 2008, I served the within:

**VERIFIED ANSWER**

upon:

TO:  **GINARTE, O'DWYER GONZALEZ
     & WINOGRAD, LLP**
     Attorneys for Plaintiff
     225 Broadway, 13th Floor
     New York, NY 10007
     (212-601-9700)

     **VERIZON NEW YORK, INC.**
     1095 Avenue of the Americas
     New York, New York 10036

the address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

*Cynthia Lovelace*
**CYNTHIA LOVELACE**

Sworn to before me this
16th day of July, 2008.

_____
NOTARY PUBLIC

ABDUR-RASHEED JASUR
Notary Public, State of New York
No. 01JA6134663
Qualified in Suffolk County
730246            Commission Expires Oct. 3, 20__

- 11 -