UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

JORGE JOYA,                                    08 CV 5328(PKL)

                    Plaintiff,        **THIRD PARTY COMPLAINT**

          -against-

VERIZON NEW YORK, INC., and
MASTEC NORTH AMERICA, INC.,

                    Defendants.        Third-Party Plaintiff
----------------------------------X    Demands Trial by Jury

MASTEC NORTH AMERICA, INC.

          Third-Party Plaintiff,

          - against -

A&A CABLE CONTRACTORS, INC.

          Third-Party Defendants.
----------------------------------X

**C O U N S E L:**

     Third-Party Plaintiff **MASTEC NORTH AMERICA, INC.,** by its
attorneys, Jones Hirsch Connors & Bull P.C., complaining of the
third-party defendant, **A&A CABLE CONTRACTORS, INC.,** alleges upon
information and belief as follows:


     1.   That   at   all   times   hereinafter   mentioned,   the
defendant/third-party  plaintiff,  **MASTEC  NORTH  AMERICA,  INC.,**
("MASTEC") was a foreign corporation duly organized and existing
under and by virtue of the laws of the State of Florida and duly
licensed to do business in the State of New York.

2. That at all times hereinafter mentioned, third-party defendant **A&A CABLE CONTRACTORS, INC.,** ("A&A CABLE") maintained its principal place of business at 12506 Ann Lane, Houston, Texas 77064.

3. That at all times hereinafter mentioned third-party defendant **A&A CABLE** is and was a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

4. That at all times hereinafter mentioned, third-party defendant **A&A CABLE** was and still is a foreign corporation doing business within the State of New York.

5. That at all times hereinafter mentioned, third-party defendant **A&A CABLE** was a foreign corporation duly authorized to do business within the State of New York.

6. That at all times hereinafter mentioned, third-party defendant, **A&A CABLE** is a company or other business entity doing business in the State of New York.

7. That at all times hereinafter mentioned, third-party defendant **A&A CABLE** is a foreign corporation duly organized and existing under and by virtue of the laws of the State of Texas.

-2-

8.   That third-party defendant **A&A CABLE** transacted business within the State of New York and/or contracted with defendant/third-party plaintiff **MASTEC** to supply goods and services, either directly or through its employees or agents, in the State of New York.

9.   That third-party defendant **A&A CABLE**, its employees, servants or agents, committed a tortious act within the State of New York so as to injure plaintiff and defendant/third-party plaintiff **MASTEC**.

10.   That third-party defendant **A&A CABLE** committed a tortious act outside of the State of New York causing injury to plaintiff and/or defendant/third-party plaintiff **MASTEC** within the state of New York.

11.   That third-party defendant **A&A CABLE** regularly does and solicits business in the State of New York.

12.   That third-party defendant **A&A CABLE** engages or has engaged in a persistent course of conduct and/or derives substantial revenue from goods used or consumed or services rendered in the State of New York.

-3-

13. That third-party defendant **A&A CABLE** expects or reasonably should have expected its tortious act to have consequences in New York State.

14. That third-party defendant **A&A CABLE** derives substantial revenue from interstate or international commerce.

15. That third-party defendant **A&A CABLE** owns, uses or possesses real property, either in person or through an agent, in the State of New York.

16. That plaintiff **JORGE JOYA** commenced an action in the United States District Court, Southern District of New York, against defendants **MASTEC** and **VERIZON NEW YORK, INC.** seeking to recover for personal injuries allegedly sustained by him on or about May 15, 2006 as more fully set forth at length in plaintiff's Complaint. A copy of the Summons and Complaint in said action is annexed hereto as **Exhibit "A"**; third-party plaintiff begs leave to refer to the allegations therein for the purpose of this third-party action only and without admitting or conceding the truth of said allegations.

-4-

17. That the Complaint alleges jurisdiction against such defendants under apparent diversity of citizenship and venue herein is apparently based upon the presence of defendant **VERIZON NEW YORK, INC.** in New York County, State of New York.

18. That the Complaint further alleges that prior to and on May 15, 2006, defendant **MASTEC** and defendant **VERIZON** entered into an agreement for **MASTEC** to provide work, labor and services for **VERIZON NEW YORK, INC.** as a general contractor or contractor at a location in Syracuse, New York in Onondaga County owned and controlled by defendant **VERIZON NEW YORK, INC.** Plaintiff further alleges that defendant **MASTEC** was to perform construction, renovation, alteration and/or repair work at the premises indicated above, including on the alleged accident date of May 15, 2006.

19. The Complaint further alleges that on May 15, 2006 plaintiff was an employee of third-party defendant **A&A CABLE** which had a contract and/or performed work on behalf of defendant **MASTEC** at the above indicated premises. While plaintiff was allegedly working on or at the premises in the course of his employment for **A&A CABLE** he was caused to suffer severe and permanent personal injuries due to the alleged negligence and violations of statutes by the defendants.

-5-

20. That prior to and on May 15, 2006, defendant **MASTEC** had a written agreement with third-party defendant **A&A CABLE** of Houston, Texas for such third-party defendant to perform work, labor and services at the claimed premises indicated above.

21. This agreement, at paragraph 15, obligated third-party defendant **A&A CABLE** to indemnify, defend and hold harmless third-party plaintiff **MASTEC** and **VERIZON NEW YORK, INC.** from and against all claims, damages, liabilities, losses, injuries and expenses, including attorneys fees and court costs, penalties and interest (incurred or suffered directly or indirectly) by third-party plaintiff and arising out of or resulting from, directly or indirectly, the performance or quality of the work, the materials supplied by sub-contractor or from any breach of the agreement or the primary contract by third-party defendant **A&A CABLE** or from any other acts or omissions of **A&A CABLE**, including of its employees, independent contractors or others under its direction or control.

22. **A&A CABLE** was also obligated to defend, indemnify and hold harmless third-party plaintiff **MASTEC** to the fullest extent that defendant/third-party plaintiff was required to indemnify, defend and hold harmless defendant **VERIZON NEW YORK, INC.** under such contract.

-6-

23. That the incident alleged by plaintiff was the result of the acts, omissions or statutory violations of third-party defendant **A&A CABLE**, or its employees, servants, agents, subcontractors or other under its control and not due to the negligence of defendant/third-party plaintiff which itself is free from negligence or any acts or omissions that may have caused plaintiff's injuries.

24. That the incident and resulting injuries alleged by plaintiff arose out of or resulted from, directly or indirectly, the performance or quality of the work, the material supplied by third-party defendant **A&A CABLE**, from a breach of **A&A CABLE'S** contract or from other acts, omissions or statutory violations of **A&A CABLE** or its employees, agents, sub-contractors or others under its direction or control.

25. By reason of the foregoing, in the event that any recovery, judgment or verdict is obtained by plaintiff or defendant **VERIZON** against defendant/third-party plaintiff **MASTEC** then defendant/third-party plaintiff **MASTEC** will be entitled to contractual indemnification from **A&A CABLE** for the amount of any recovery, judgment or verdict against it, including costs and disbursements, together with expenses incurred therein, including attorneys fees.

-7-

26. By reason of the foregoing, defendant/third-party plaintiff **MASTEC** is entitled to recover all of its attorneys fees and costs incurred in defending against the within action and claim, regardless of whether the plaintiff or defendant **VERIZON** are successful in obtaining a recovery, judgment or verdict against it.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT A&A CABLE CONTRACTORS, INC., THIRD-PARTY PLAINTIFF ALLEGES:

27. Defendant/Third-Party **MASTEC** repeats, reiterates and realleges each and every paragraph numbered "1" through "26" herein, inclusive with the same force and effect as if the allegations were set forth fully at length herein.

28. Upon information and belief, the above agreement between **MASTEC** and **A&A CABLE** required **A&A CABLE** to procure insurance coverages for the benefit of **MASTEC** and to add **MASTEC** as an additional insured under **A&A CABLE'S** general liability, excess/umbrella liability and employer's liability insurance policies.

29. **A&A CABLE** failed to procure the insurance coverage's required by the above agreement for the benefit of **MASTEC** or add **MASTEC** as an additional insured to **A&A CABLE's** general liability insurance policy(es) issued by First Mercury Insurance Company for

the period of August 2, 2005 to August 2, 2006 and to an employer's liability insurance policy issued to **A&A CABLE** by Texas Mutual Insurance Company for the same period, and to the excess and/or umbrella insurance policies issued to **A&A CABLE** by RSUI Indemnity Company for the same period.

30.   That defendant/third-party plaintiff **MASTEC** has a self-insured retention/deductible to its general liability insurance policy with ACE American Insurance that was in effect in May, 2006 and in the amount of $2,000,000.00 per occurrence referable to judgment, settlement or counsel fees, including as to the Joya action.

31.   By reason of the foregoing, third-party defendant **A&A CABLE** breached its agreement to **MASTEC** and will be liable to **MASTEC** for all damages, including **MASTEC'S** cost to procure insurance coverage for its own benefit, as well as the full amount of any recovery had herein against third-party plaintiff and will be obligated to third-party plaintiff for damages for such breach of contract to procure insurance, together with the costs and disbursements thereof and any attorneys fees actually incurred in the defense of this action due to such breach.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST
## THIRD-PARTY DEFENDANT A&A CABLE CONTRACTORS, INC.,
## THIRD-PARTY PLAINTIFF ALLEGES:

32.   Defendant/Third-Party   plaintiff   **MASTEC**   repeats, reiterates and realleges each and every paragraph numbered "1" through "31" herein, inclusive with the same force and effect as if the allegations were set forth fully at length herein.

33.   That the alleged dangerous and offending condition(s) and statutory violations complained of in the plaintiff's Complaint were caused and/or created and/or allowed and permitted by the Third-Party Defendant **A&A CABLE** and/or its agents, servants and/or employees.

34.   That if the Defendant/Third-Party Plaintiff **MASTEC** is held liable to the Plaintiff herein, such liability arises out of the active, affirmative, negligent and careless acts, omissions, conduct or statutory violations of the Third-Party Defendant **A&A CABLE** and/or by its agents, servants and/or employees.

35.   That if the allegations as set forth in the plaintiff's Complaint are true, and the Defendant/Third-Party Plaintiff **MASTEC** is found liable to plaintiff or defendant **VERIZON** by reason of the

-10-

facts, operation of law or otherwise, then the responsibility for the injuries and damages sustained by the Plaintiff or defendant **VERIZON** will be that of the Third-Party Defendant **A&A CABLE**.

36.  That in the event that the Defendant/ Third-Party Plaintiff **MASTEC** is held liable to the Plaintiff or defendant **VERIZON** herein, then the Defendant Third-Party Plaintiff **MASTEC** demands judgment for contribution against the Third-Party Defendant **A&A CABLE**, in whole or in part, for any such amounts as **MASTEC** may be required to pay the Plaintiff or defendant **VERIZON** over and above its proportionate share of damages as may be determined by an apportionment of responsibility by the Court and/or a jury as adjudged herein.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THIRD-PARTY DEFENDANT A&A CABLE CONTRACTORS, INC., THIRD-PARTY PLAINTIFF ALLEGES:

37.  Defendant/Third-Party  plaintiff  **MASTEC**  repeats, reiterates and realleges each and every paragraph numbered "1" through "36" herein, inclusive with the same force and effect as if the allegations were set forth fully at length herein.

-11-

38.   If the occurrence alleged in the Plaintiff's Verified Complaint occurred as alleged, then same was brought about by the sole negligence of Third-Party Defendant **A&A CABLE**. If plaintiff was caused to sustain injuries and damages at the times and places set forth in his Verified Complaint due to carelessness, culpable conduct, recklessness and/or negligence and statutory violations, other than the Plaintiff's own carelessness, recklessness and negligence, that said injuries and damages were sustained by reason of the sole carelessness, recklessness and negligence, culpable conduct, acts, omissions and/or statutory violations of Third-Party Defendant **A&A CABLE**.

39.   **MASTEC** is free from any fault or negligence contributing to Plaintiff's alleged injuries.

40.   That by reason of the foregoing, the Third-Party Defendant **A&A CABLE** is liable to defend the Third-Party Plaintiff **MASTEC** and to fully indemnify **MASTEC** for the complete amount of any recovery obtained by the Plaintiff or any other party as against **MASTEC** by virtue of common-law indemnity and/or contribution.

41.   If judgment is rendered against **MASTEC** based on the occurrence alleges in Plaintiff's Verified Complaint, then **MASTEC,** for the reasons stated herein, on the basis of apportionment of

-12-

responsibility and common law indemnification, is entitled to contribution and indemnification therefore, in whole or in part, by and from Third-Party Defendant **A&A CABLE** together with **MASTEC'S** attorneys fees, costs and disbursements incurred in connection with this action and the defense thereof.

**WHEREFORE,** the defendant/third-party plaintiff **MASTEC NORTH AMERICA, INC.,** demands judgment dismissing the above Complaint of the plaintiff herein, together with the costs and disbursements of such action, and further demands that in the event that a judgment is rendered in favor of the plaintiff or defendant **VERIZON NEW YORK, INC.** as against the defendant/third-party plaintiff **MASTEC NORTH AMERICA, INC.,** that defendant/third-party plaintiff **MASTEC NORTH AMERICA, INC.,** have judgment and indemnification over and against third-party defendant **A&A CABLE CONTRACTORS, INC.,** in whole or in part, together with the costs and disbursements of the main and third-party actions, including attorneys fees in the defense thereof together with damages from third-party defendant **A&A CABLE CONTRACTORS, INC.'s** breach of contract to procure insurance and the costs, disbursements and attorneys fees actually expended in this action.

Dated:     New York, New York
           July 21, 2008

-13-

JONES HIRSCH CONNORS & BULL P.C.

By:  _____

Neil E. Higgins, Esq.  (NEH-4736)
Attorneys for Defendant/Third-Party
Plaintiff
**MASTEC NORTH AMERICA, INC.**
1 Battery Park Plaza
New York, New York 10004
(212) 527-1000

TO:   **GINARTE, O'DWYER GONZALEZ**
      **& WINOGRAD, LLP**
      Attorneys for Plaintiff
      225 Broadway, 13th Floor
      New York, NY 10007
      (212-601-9700)

      **VERIZON NEW YORK, INC.**
      1095 Avenue of the Americas
      New York, New York 10036

      **A&A CABLE CONTRACTORS, INC.**
      12506 Ann Lane
      Houston, Texas 77064

-14-

# EXHIBIT



A

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

_____ SOUTHERN _____ DISTRICT OF _____ NEW YORK

JORGE JOYA

### SUMMONS IN A CIVIL CASE

**V.**

VERIZON NEW YORK, INC. AND MASTEC
NORTH AMERICA INC.

08 CASE NUMBER:  5328

# JUDGE LEISURE

TO: (Name and address of defendant)

VERIZON NEW YORK, INC. - 1095 Avenue of the Americas, New York, NY 10036

MASTEC NORTH AMERICA, INC. - 152 Park Avenue, P.O. Box 70, Shevlin, MN
56676

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

GINARTE, O'DWYER, GONZALEZ & WINOGRAD, LLP
225 BROADWAY, 13TH FLOOR, NEW YORK, NEW YORK 10007
212-601-9700

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

J. MICHAEL McMAHON

JUN 1 1 2008

CLERK                                                    DATE

(BY) DEPUTY CLERK

JUDGE LEISURE

# 08 CV 5328

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

JORGE JOYA,                                          **Trial by Jury Demand**

                    Plaintiff,                       Index No.:

          - against -                                **VERIFIED COMPLAINT**

VERIZON NEW YORK, INC., and
MASTEC NORTH AMERICA, INC.,

                    Defendants.
-------------------------------------------------------X

          Plaintiff, complaining of the Defendants by his attorneys, GINARTE, O'DWYER,
GONZALEZ & WINOGRAD, LLP., upon information, belief, and at all times hereinafter
mentioned, allege as follows:

RECEIVE
JUL 17 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## AS AND FOR A FIRST CAUSE OF ACTION

          1.     The Plaintiff, JORGE JOYA, is a resident in the State of Maryland being domiciled
at 18415 Lost Knife Circle, Apt. 104, Gaithersburg, MD 20886.

          2.     Jurisdiction herein is based upon 28 U.S.C.§1332, diversity of citizenship and that
the matter in controversy exceeds the sum of $75,000.

          3.     The Defendant, VERIZON NEW YORK, INC., hereinafter "VERIZON" was and still
is a domestic corporation organized and existing under the laws of the State of New York and having
its principle place of business at 1095 Avenue of the Americas, City and State of New York.

          4.     The Defendant, MASTEC NORTH AMERICA, INC., hereinafter "MASTEC" was
and still is a foreign business corporation of the State of Florida doing business in the State of New
York and having its principle place of business at 152 Park Avenue, PO Box 70, Shevlin, MN 56676.

          5.     On May 15, 2006, the Defendant, VERIZON, owned and/or controlled a partial of
property situated in the County of Onondaga at a disclosed location known only to the defendants

in the area of Syracuse, New York where it undertook to perform construction work consisting among other things of directional drilling services for underground cable installation work.

6.      Sometime prior to the occurrence complained of herein, the Defendant, VERIZON, its agents, servants, licensees, and/or representatives contracted with the Defendant, MASTEC, to erect, demolish, repair/alter, paint, clean, renovate, excavate, and/or construct and/or maintain the aforementioned premises and act as general contractor of the aforesaid construction.

7.      Sometime prior to May 15, 2006, the Defendant, MASTEC, and/or its contractors contract with A & A Cable Contractors, Inc., to provide construction services at the aforesaid construction site.

8.      On May 15, 2006, the Plaintiff, JORGE JOYA, was an employee of A & A Cable Contractors, Inc.

9.      On May 15, 2006, the Plaintiff, JORGE JOYA, was lawfully at the aforementioned premises, and was in the course of employment for A & A Cable Contractors, Inc. in connection with the erection, demolition, repairing, altering, painting, cleaning, renovation, excavation, and/or construction of the aforementioned premises.

10.     The Defendant, VERIZON, managed the aforementioned construction, project and/or premises.

11.     The Defendant, VERIZON, controlled the aforementioned construction, project and/or premises.

12.     The Defendant, MASTEC, managed the aforementioned construction, project and/or premises.

13.     The Defendant, MASTEC, controlled the aforementioned construction, project and/or premises.

2

14.     On May 15, 2006, the Plaintiff was lawfully at the aforementioned premises engaged in the course of his employment when he was caused to suffer severe and permanent personal injuries.

15.     The aforesaid occurrence and consequential injuries were due solely and occasioned by the wanton, reckless, malicious and negligent acts of the defendants herein, with utter disregard of the safety of the plaintiff, either alone or in conjunction with its agents, servants and/or employees, and without any negligence on the part of the plaintiff contributing thereto; in failing to advise the plaintiff of the dangerous condition then and there existing; in failing to provide the plaintiff with proper safety equipment; in permitting, allowing and causing the plaintiff to work under dangerous and unsafe conditions; in failing to insure that the work area be so constructed, shored, equipped, guarded, arranged, operated and conducted so as to provide reasonable and adequate protection and safety to the persons employed thereon as mandated by the United States and New York State Administrative enactments and statutes.

16.     By reason of the foregoing, the plaintiff, JORGE JOYA, has been damaged in an amount not exceeding FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION

17.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the First Cause of Action with the same force and effect as though same were more fully set forth at length herein.

18.     The above-described occurrence was caused by the defendants' violation of Section 200 of the Labor Law of the State of New York.

19.     By reason of the foregoing, the plaintiff, JORGE JOYA, has been damaged in an amount not exceeding FIVE MILLION ($5,000,000.00) DOLLARS.

3

## AS AND FOR A THIRD CAUSE OF ACTION

20.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the First and Second Causes of Action with the same force and effect as though same were more fully set forth at length herein.

21.     The above-described occurrence was caused by the defendants' violation of Section 241(6) of the Labor Law of the State of New York and Rule 23 of the Industrial Code of the State of New York specifically but not limited to Sections 12 NYCRR 23-1.8; 23-1.5; 23-1.17; 23-1.18; 23-1.19; 23-2.1; 23-2.2; 23-5; 23-6; and Article 1926 of the OSHA and was otherwise negligent and careless and reckless causing plaintiff to sustain serious and severe injuries.

22.     By reason of the foregoing, the plaintiff, JORGE JOYA, has been damaged in an amount not exceeding FIVE MILLION ($5,000,000.00) DOLLARS.

        WHEREFORE, Plaintiff demand judgment against the defendants in the sum of FIVE MILLION ($5,000,000.00) DOLLARS on the First Cause of Action; FIVE MILLION ($5,000,000.00) DOLLARS on the Second Cause of Action; FIVE MILLION ($5,000,000.00) DOLLARS on the Third Cause of Action; together with the costs and disbursements of this action.

Dated: New York, New York
       June 10, 2008

                    GINARTE, O'DWYER, GONZALEZ & WINOGRAD, LLP

                    By:  _____
                         Richard M. Winograd (RW6911)
                         Attorneys for Plaintiff - Jorge Joya
                         225 Broadway, 13th Floor
                         New York, New York 10007
                         Tel. (212) 601-9700

4

## VERIFICATION

STATE OF NEW YORK   )
                    )  ss.:
COUNTY OF NEW YORK  )

RICHARD WINOGRAD, an attorney admitted to practice in the Courts of New York State, states:

Affirmant is a member of the law firm of GINARTE, O'DWYER, GONZALEZ & WINOGRAD, LLP, attorneys of record for the plaintiff in the within action. Affirmant has read the foregoing VERIFIED COMPLAINT and knows the contents thereof; the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, affirmant believes it to be true.

This verification is made by affirmant and not by plaintiff, for the reason that plaintiff's residence is not in the county where affirmant maintains her office.

The ground of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: information furnished by plaintiff and counsel's investigation.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated:  June 10, 2008

RICHARD M. WINOGRAD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JORGE JOYA,                                          08 CV 5328 (PKL)

                                Plaintiff,

            -against-

VERIZON NEW YORK, INC., and MASTEC
NORTH AMERICA, INC.,

                                Defendants.

------------------------------------X

## THIRD PARTY SUMMONS AND COMPLAINT

### JONES HIRSCH CONNORS & BULL P.C.
ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004
TELEPHONE (212) 527-1000
*Attorneys for Defendant*

**MASTEC NORTH AMERICA, INC.**