UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
JORGE JOYA,

                              Plaintiff,

    -against-

VERIZON NEW YORK, INC., and
MASTEC NORTH AMERICA, INC.,

                              Defendants.
------------------------------------------------------X

Civil Action No.: 08CV5328(PKL)

**AFFIDAVIT**

STATE OF NEW YORK     )
                               ) ss.:
COUNTY OF NEW YORK  )

    DEBORAH BASS, being duly sworn, deposes and says:

    1.    Affiant is a member of the firm of Ledy-Gurren, Bass & Siff, L.L.P., attorneys for the defendant Verizon New York, Inc. ["Verizon"], and I am fully familiar with the facts and circumstances of the above-captioned action.

    2.    Affiant makes this affidavit in support of defendant's motion for a more definite statement regarding the location of the alleged accident as referenced in plaintiff's complaint. [Plaintiff's complaint is annexed here as Exhibit A].

    3.    Pursuant to the complaint, plaintiff alleges that Verizon "owned and/or controlled a partial [sic] of property situated in the County of Onondaga at a disclosed location known only to the defendants in the area of Syracuse, New York where it undertook to perform construction work . . . ." [Exh. A, ¶ 5]. The complaint then refers to this partial [sic] of property as "the aforementioned premises" and "the aforesaid construction site," and notes that plaintiff was caused to suffer personal injuries at "the aforementioned premises." [Exh. A, ¶¶ 6-7, 9-14]. The complaint offers no further description whatsoever as to the address and/or location of the "premises" or the

description whatsoever as to the address and/or location of the "premises" or the construction site where the subject accident allegedly occurred.

4. Plaintiff appears to be predicating Verizon's supposed liability on its ownership, control and/or maintenance of the subject site/premises where the accident allegedly occurred. Verizon, as the alleged owner, cannot reasonably be expected to frame a responsive pleading where the premises and/or site have not been identified beyond the fact that it is located in a particular County and "in the area" of a metropolitan area the size of Syracuse, New York.

5. Allegations so vague and general in character make it unreasonable to expect defendant to prepare a pleading that is responsive. In short, Verizon can not be expected to answer allegations that it owned or controlled or maintained a particular partial [sic] of property where such property is not identified. Plaintiff should be required to state with some degree of particularity where it is that he was allegedly injured as such fact is, undoubtedly, the crux of the entire lawsuit.

WHEREFORE, Verizon requests that the Court enter an order under Rule 12(e) of the Federal Rules of Civil Procedure requiring that plaintiff make a more definite statement of the allegations contained in Paragraphs 5, 6-7 and 9-14, solely with regard to the location of the subject premises where plaintiff's alleged accident took place.

_____
Deborah A. Bass

Sworn to before me this
8th day of August, 2008

_____

MARY A. REGAN
Notary Public, State of New York
No. 01RE4821691
Qualified in Queens County
Commission Expires May 31, 2010

2

# Exhibit A

Case 1:08-cv-05328-PKL    Document 10    Filed 08/13/2008    Page 3 of 13

AO 440 (Rev. 10/93) Summons in a Civil Action - SDI    /EB 4/99

# United States District Court

SOUTHERN **DISTRICT OF** NEW YORK

JORGE JOYA

**SUMMONS IN A CIVIL CASE**

V.

VERIZON NEW YORK, INC. AND MASTEC
NORTH AMERICA INC.

CASE NUMBER: 08 CV 5328

JUDGE LEISURE

TO: (Name and address of defendant)

VERIZON NEW YORK, INC. - 1095 Avenue of the Americas, New York, NY 10036

MASTEC NORTH AMERICA, INC. - 152 Park Avenue, P.O. Box 70, Shevlin, MN 56676

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

GINARTE, O'DWYER, GONZALEZ & WINOGRAD, LLP
225 BROADWAY, 13TH FLOOR, NEW YORK, NEW YORK 10007
212-601-9700

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

[signature]

(BY) DEPUTY CLERK

JUN 11 2008

DATE

JUDGE LEISURE

**08 CV 5328**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JORGE JOYA,

                Plaintiff,

  - against -

VERIZON NEW YORK, INC., and
MASTEC NORTH AMERICA, INC.,

                Defendants.
-----------------------------------------------------------X

**Trial by Jury Demand**

Index No.:

**VERIFIED COMPLAINT**

RECEIVED JUN 11 2008 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, complaining of the Defendants by his attorneys, GINARTE, O'DWYER, GONZALEZ & WINOGRAD, LLP., upon information and belief, and at all times hereinafter mentioned, allege as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1. The Plaintiff, JORGE JOYA, is a resident in the State of Maryland being domiciled at 18415 Lost Knife Circle, Apt. 104, Gaithersburg, MD 20886.

2. Jurisdiction herein is based upon 28 U.S.C. §1332, diversity of citizenship and that the matter in controversy exceeds the sum of $75,000.

3. The Defendant, VERIZON NEW YORK, INC., hereinafter "VERIZON" was and still is a domestic corporation organized and existing under the laws of the State of New York and having its principle place of business at 1095 Avenue of the Americas, City and State of New York.

4. The Defendant, MASTEC NORTH AMERICA, INC., hereinafter "MASTEC" was and still is a foreign business corporation of the State of Florida doing business in the State of New York and having its principle place of business at 152 Park Avenue, PO Box 70, Shevlin, MN 56676.

5. On May 15, 2006, the Defendant, VERIZON, owned and/or controlled a partial of property situated in the County of Onondaga at a disclosed location known only to the defendants

in the area of Syracuse, New York where it undertook to perform construction work consisting among other things of directional drilling services for underground cable installation work.

6. Sometime prior to the occurrence complained of herein, the Defendant, VERIZON, its agents, servants, licensees, and/or representatives contracted with the Defendant, MASTEC, to erect, demolish, repair/alter, paint, clean, renovate, excavate, and/or construct and/or maintain the aforementioned premises and act as general contractor of the aforesaid construction.

7. Sometime prior to May 15, 2006, the Defendant, MASTEC, and/or its contractors contract with A & A Cable Contractors, Inc., to provide construction services at the aforesaid construction site.

8. On May 15, 2006, the Plaintiff, JORGE JOYA, was an employee of A & A Cable Contractors, Inc.

9. On May 15, 2006, the Plaintiff, JORGE JOYA, was lawfully at the aforementioned premises, and was in the course of employment for A & A Cable Contractors, Inc. in connection with the erection, demolition, repairing, altering, painting, cleaning, renovation, excavation, and/or construction of the aforementioned premises.

10. The Defendant, VERIZON, managed the aforementioned construction, project and/or premises.

11. The Defendant, VERIZON, controlled the aforementioned construction, project and/or premises.

12. The Defendant, MASTEC, managed the aforementioned construction, project and/or premises.

13. The Defendant, MASTEC, controlled the aforementioned construction, project and/or premises.

14. On May 15, 2006, the Plaintiff was lawfully at the aforementioned premises engaged in the course of his employment when he was caused to suffer severe and permanent personal injuries.

15. The aforesaid occurrence and consequential injuries were due solely and occasioned by the wanton, reckless, malicious and negligent acts of the defendants herein, with utter disregard of the safety of the plaintiff, either alone or in conjunction with its agents, servants and/or employees, and without any negligence on the part of the plaintiff contributing thereto; in failing to advise the plaintiff of the dangerous condition then and there existing; in failing to provide the plaintiff with proper safety equipment; in permitting, allowing and causing the plaintiff to work under dangerous and unsafe conditions; in failing to insure that the work area be so constructed, shored, equipped, guarded, arranged, operated and conducted so as to provide reasonable and adequate protection and safety to the persons employed thereon as mandated by the United States and New York State Administrative enactments and statutes.

16. By reason of the foregoing, the plaintiff, JORGE JOYA, has been damaged in an amount not exceeding FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION

17. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the First Cause of Action with the same force and effect as though same were more fully set forth at length herein.

18. The above-described occurrence was caused by the defendants' violation of Section 200 of the Labor Law of the State of New York.

19. By reason of the foregoing, the plaintiff, JORGE JOYA, has been damaged in an amount not exceeding FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION

20. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the First and Second Causes of Action with the same force and effect as though same were more fully set forth at length herein.

21. The above-described occurrence was caused by the defendants' violation of Section 241(6) of the Labor Law of the State of New York and Rule 23 of the Industrial Code of the State of New York specifically but not limited to Sections 12 NYCRR 23-1.8; 23-1.5; 23-1.17; 23-1.18; 23-1.19; 23-2.1; 23-2.2; 23-5; 23-6; and Article 1926 of the OSHA and was otherwise negligent and careless and reckless causing plaintiff to sustain serious and severe injuries.

22. By reason of the foregoing, the plaintiff, JORGE JOYA, has been damaged in an amount not exceeding FIVE MILLION ($5,000,000.00) DOLLARS.

WHEREFORE, Plaintiff demand judgment against the defendants in the sum of FIVE MILLION ($5,000,000.00) DOLLARS on the First Cause of Action; FIVE MILLION ($5,000,000.00) DOLLARS on the Second Cause of Action; FIVE MILLION ($5,000,000.00) DOLLARS on the Third Cause of Action; together with the costs and disbursements of this action.

Dated: New York, New York
June 10, 2008

GINARTE, O'DWYER, GONZALEZ & WINOGRAD, LLP

By: _____
Richard M. Winograd (RW6911)
Attorneys for Plaintiff - **Jorge Joya**
225 Broadway, 13th Floor
New York, New York 10007
Tel. (212) 601-9700



DOS-1248 (1/08)

**DEPARTMENT OF STATE**
UNIFORM COMMERCIAL CODE
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001

Sender:

## VERIFICATION

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF NEW YORK )

**RICHARD WINOGRAD**, an attorney admitted to practice in the Courts of New York State, states:

Affirmant is a member of the law firm of GINARTE, O'DWYER, GONZALEZ & WINOGRAD, LLP, attorneys of record for the plaintiff in the within action. Affirmant has read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof; the same is true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, affirmant believes it to be true.

This verification is made by affirmant and not by plaintiff, for the reason that plaintiff's residence is not in the county where affirmant maintains her office.

The ground of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: information furnished by plaintiff and counsel's investigation.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: June 10, 2008

_____
RICHARD M. WINOGRAD

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

    KATHLEEN NOEBEL, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age and resides in Baldwin, New York.

    That on the 8th day of August, 2008, deponent served the within **NOTICE OF MOTION** upon:

Ginarte, O'Dwyer, Gonzalez
   & Winograd, LLP
Attorneys for Plaintiff
225 Broadway, 13th Floor
New York, New York 10007
(212) 601-9700

Jones, Hirsch, Connors & Bull, P.C.
Attorneys for Defendant
Mastec North America, Inc.
One Battery Park Plaza
New York, New York 10004
(212) 527-1000

at the addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
Kathleen Noebel

Sworn to before me this
8th day of August, 2008.

_____
Notary Public

MARY A. REGAN
Notary Public, State of New York
No. 01RE4821691
Qualified in Queens County
Commission Expires May 31, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          Civil Action No.: 08CV5328(PKL)

JORGE JOYA,

        Plaintiff,

-against-

VERIZON NEW YORK, INC., and MASTEC NORTH AMERICA, INC.,

        Defendants.

### NOTICE OF MOTION

LEDY-GURREN, BASS & SIFF, L.L.P.
*Attorney for Defendant*
*Verizon New York, Inc.*
475 Park Avenue South, 27th Floor
New York, New York 10016
(212) 447-1111

**To:**

**Ginarte, O'Dwyer, Gonzalez
   & Winograd, LLP
Attorneys for Plaintiff**
225 Broadway, 13th Floor
New York, New York 10007
(212) 601-9700

**Jones, Hirsch, Connors & Bull, P.C.
Attorneys for Defendant
Mastec North America, Inc.
One Battery Park Plaza
New York, New York 10004
(212) 527-1000**