# Ginarte O'Dwyer Gonzalez & Winograd LLP

JOSEPH A. GINARTE ✶
JOHN D. O'DWYER
RICHARD M. WINOGRAD 1☐
MANUEL GONZALEZ
MICHAEL A. GALLARDO ☐
BARRY D. WEIN
GARY R. NOVINS +
ELLEN RADIN
ALON SOLON
WALTER J. CURTIS 2
MANUEL J. ALMEIDA JR. ☐
JAMES F. MULLEN ▲+
LOUIS A. ZAYAS ☐ 2
ANTONIO L. CRUZ
CHRISTOPHER PEREZ
MARK MAURER ☐
JOHN SCOLLO 2
REX ZACHOFSKY + 2
MOISES APSAN ☐ 2
JESUS J. PEÑA 2

ATTORNEYS AT LAW
225 BROADWAY, 13th FLOOR
NEW YORK, NY 10007
(212) 601-9700
FAX: (212) 267-4262

WWW.GINARTE.COM

**PLEASE NOTE OUR NEW ADDRESS & TELEPHONE NUMBER**

OTHER OFFICES:
CLIFTON, NJ 07011
NEWARK, NJ 07105
ELIZABETH, NJ 07201
PERTH AMBOY, NJ 08861
NEW BRUNSWICK, NJ 08901
UNION CITY, NJ 07087

ROGER GUARDA, CLAIMS MGR.

1 CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL
ATTORNEY
2 OF COUNSEL
+ ADMITTED TO NY
▲ ADMITTED TO NJ & PA
☐ ADMITTED TO NJ & NY
✶ ADMITTED TO NJ, NY & DC
◆ ADMITTED TO DC, FL & NJ
○ ADMITTED TO U.S. TAX COURT

August 21, 2008

**Via ECF**

Hon. Peter K. Leisure
United States District Judge
United States Courthouse
500 Pearl St., Room 1910
New York, NY 10007

Re: **Joya vs. Verizon and Mastec**
Docket #: **08-CV-5328**

Dear Judge Leisure:

Pursuant to the Court's letter of June 19, 2008, the parties did confer initially approximately 21 days prior to the September 4, 2008 conference, which conference was continued and completed by telephone on August 18, 2008. Although, the Rule 16 Conference has now been adjourned, we are pursuant to your letter, forwarding to the Court, a written report outlining the proposed discovery plan. Counsel for defendant, Mastec North America Inc., has advised that a third party impleader has been filed against A&A Cable Contractors, plaintiff's employer, but service is not yet completed. Because of that development, the Civil Case Management Plan reflects that joinder of additional parties will be accomplished by September 30, 2008.

The Counsels at the conference on August 18, 2008 included, Richard Winograd, on behalf of Plaintiff, Neil Higgins on behalf of defendant Mastec, and Ed Gorman on behalf of defendant Verizon. All three counsels agreed that the format of the Civil Case Management Plan required alteration to comport with each parties understanding of the procedures in this type of case.

---

[1] Defendant Verizon has filed a Motion for a More Definite Statement pursuant to FRCP 12(e) which has necessitated adjournment of the 9/4/08 Rule 16 conference.

August 21, 2008
Page Two

    Accordingly, the parties reference the date of March 1, 2009 in Paragraph 3 for the expert witness disclosure, but added a paragraph under number 3, to reflect the fact that all expert depositions would be completed by April 15, 2009.

    In Paragraph 4, the parties proposed that all other depositions be completed by January 15, 2009.

    Under Paragraph 6, the parties proposed that discovery be completed by May 1, 2009.

    Attached herewith is a proposed Civil Case Management Plan to reflect the joint agreement of counsel.

    Thank you for the Court's kind attention to this matter.

                       Very truly yours,
                         GINARTE, O'DWYER, GONZALEZ & WINOGRAD, LLP
                       *Attorneys for Plaintiff - JORGE JOYA*

                       Richard M. Winograd (RW6911)

RMW/aec
Encls.

| | | |
|---|---|---|
| cc: | <u>Via Facsimile: 212-447-6686</u><br>Ledy Gurren Bass & Siff<br>*Attorneys for Defendant - VERIZON*<br>Attn: Ed Gorman, Esq. | <u>Via Facsimile: 212-527-1680</u><br>Jones Hirsch Connors & Bull, P.C.<br>*Attorneys for Defendants- MASTEC*<br>Attn: Neil E. Higgins, Esq. |

Revised Form D—For cases assigned to Judge Leisure                          Effective: March 1, 2004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
Jorge Joya
        Plaintiff(s),                            :       CIVIL CASE MANAGEMENT PLAN
                                                :              (JUDGE LEISURE)
        -v-                                     :
Verizon New York, Inc. and                      :       08  Civ.  5328  (PKL)
Mastec North America, Inc.                      :
        Defendant(s).                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


      After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.    The case (**is**) (is not) to be tried to a jury. [Circle as appropriate]

B.    Joinder of additional parties must be accomplished by __9/30/08__.

C.    Amended pleadings may be filed without leave of Court until _____.

D.    Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):

    1.    Documents. First request for production of documents, if any, must be served by __10/14/08__. Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery as set forth in item 6 below.

    2.    Interrogatories. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must be served by __10/14/08__. No other interrogatories are permitted except upon prior express permission of Judge Leisure. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

    3.    Experts. Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by __3/1/09__. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by __4/15/09__. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, ~~but such depositions must occur within the time limit for all depositions set forth below.~~ by 4/30/09.

4.     <u>Depositions.</u> All depositions (~~including any~~ *except for* expert depositions, see item 3 above) must be completed by __1|15|09__. Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(1) or until four weeks from the date of this Order, whichever is earlier. Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court.

5.     <u>Requests to Admit.</u> Requests to Admit, if any, must be served by _____ [insert date that is no later than 30 days prior to date of close of discovery as set forth in item 6 below].

6.     All discovery is to be completed by __5|1|09__. Interim deadlines for items 1–5 above may be extended by the parties on consent without application to the Court, provided the parties are <u>certain</u> they can still meet the discovery completion date set forth in this paragraph, which shall not be adjourned except upon a showing to the Court of extraordinary circumstances.

E.     Post-discovery summary judgment motions in the form prescribed by the Court's Individual Rules of Practice may be brought after a pre-motion conference has been requested by the intended moving party. Motion filing schedules will be set at the pre-motion conference. The parties are instructed to furnish chambers with courtesy copies of all motion papers at the same time as their exchange among the parties.

F.     A final pre-trial conference shall be held on _____ [date to be inserted by the Court], at which time the Court shall set a firm trial date. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Rules of Practice.

G.     All motions and applications shall be governed by Judge Leisure's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

       SO ORDERED.

                                                       _____
                                                       Peter K. Leisure
                                                       U.S.D.J.

DATED:  New York, New York
        _____.