**ORIGINAL**

GINARTE, O'DWYER, GONZALEZ & WINOGRAD, LLP
Attorneys for Plaintiff - JORGE JOYA
225 Broadway, 13th Floor
New York, New York 10007
(212) 601-9700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORGE JOYA, | : CIVIL ACTION NO.: 08 cv 5328 (PKL) |
| Plaintiff, | : AFFIRMATION IN OPPOSITION TO |
| | : DEFENDANT VERIZON'S MOTION |
| v. | : FOR A MORE DEFINITE STATEMENT |
| | : PURSUANT TO F.R.C.P. 12(e) |
| VERIZON NEW YORK, INC. AND | |
| MASTEC NORTH AMERICA, INC. | |
| Defendants | |

RICHARD M. WINOGRAD, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York, United States District Court and the Southern District of New York, under the penalty of perjury, affirms the following:

1. I am a partner at Ginarte, O'Dwyer, Gonzalez & Winograd, L.L.P., attorneys for the Plaintiff, Jorge Joya, in the above-captioned matter. I submit this Affirmation in opposition to Verizon's Motion for a more definite Statement, pursuant to Federal Rule of Civil Procedure 12(e).

2. This action arises out of an accident occurring on or about May 15, 2006, in which the Plaintiff, a laborer for A&A Cable Contractors, sustained injuries when a chain or cable snapped under tension striking him in the face resulting in severe injuries to the right eye.

3. Plaintiff filed this action based on Diversity of Citizenship against the entities he

reasonably believed served as the owner and contractor for construction work being performed at the time of his accident.

4.  One of these two entities, Verizon New York, has filed a motion for more definite statement pursuant to Federal Rules of Civil Procedure 12(e) because Plaintiff has not pinpointed the precise location of his accident in the complaint that has been filed.

5.  This motion should be denied for three reasons:

   a) Plaintiff has employed not only due diligence, but engaged in extraordinary efforts in an attempt to identify the exact address where the accident occurred and such efforts have been unsuccessful.

   b) Further efforts by Plaintiff to identify the exact address are not likely to be successful without the cooperation of the named defendants.

   c) It is anticipated that the defendants, who were in control of the information about the projects it worked on, are in a far better position than Plaintiff in these circumstances to identify the location of the accident, particularly now that they are in possession of all of the materials plaintiff has produced concerning his investigation of the accident.

6.  Counsel was first retained by Plaintiff on November 20, 2006 in a personal interview conducted with a Spanish translator. At that time Mr. Joya presented with the obvious effects of an injury to his face and in particular his right eye that he related to an accident occurring on May 15, 2006 in the Syracuse, New York area. At the time of the interview, Mr. Joya had in his possession documentation from the Texas Mutual Insurance Company consisting of a letter dated

June 9, 2006, confirming what he had told us about his accident with respect to the date of same and the name of his employer. **(See Exhibit "1")**

7. During the time of the interview, Mr. Joya, a resident of the State Maryland, advised us that he was still receiving Workers Compensation benefits from the State of Texas where his employer, A&A Cable Contractors was based.

8. Plaintiff further related that his employer had been hired by Verizon to install piping under a driveway, which we understood to mean that lines for a phone system were being installed. Apparently while pulling on a one inch diameter rope constructed of metal wire and rubber, an effort was being made to move a pipe. The rope snapped and struck his face. Mr. Joya was not wearing any protective goggles at this time.

9. During the course of this interview counsel ascertained the names and any phone numbers of witnesses. There were three witnesses, but Mr. Joya only knew partial names and only one phone number. This law office completed the remainder of an intake for this type of case.

10. Immediately after the conclusion of the interview, a private investigator from Trademark, Inc. by the name of Steve Ward was hired and directed to obtain statements of the witnesses and to perform a thorough investigation about this accident.

11. As it relates to the issues on this motion he was specifically directed to obtain the location of the accident and work permits.

12. On January 24, 2007, this office forwarded correspondence to Plaintiff's employer, A&A Cable in Houston, Texas asking for a complete copy of their records relating to our client's employment. It was anticipated that with the production of that information, the exact location of the accident would be apparent. **(See Exhibit "2")**

However, there was no immediate response to the letter of January 24, 2007 from the employer, with the exception of a series of letters beginning on July 5, 2007 from the Worker's Compensation carrier, Texas Mutual Insurance Company, advising of the amount of payments that have been made for medical treatment and temporary total disability. Such letters were dated July 5, 2007, September 11, 2007, November 27, 2007 and February 28, 2008.

13.    On February 12, 2007, we received a written report from the investigator about his investigation. We were informed that he appeared at the Syracuse Code Enforcement Office seeking work permits and applications filed by Verizon during that year in the Syracuse, New York area. The agent was advised there were eleven job sites that were possible sites and he then put in a request for information about those sites. The investigator also reported on his contact with O.S.H.A., in view of the serious nature of the injuries in the hope that an investigation might have taken place. The O.S.H.A. representative at that time was unable to provide any assistance.

14.    In a report dated February 28, 2007, the investigator indicated that he had, after many attempts, finally spoken with a witness, Richard Hernandez, over the telephone, who advised him that the location of the accident was 9695 Carpenter Road, Syracuse, New York. Mr. Hernandez told our investigator that he was working with Plaintiff at the time of the accident and confirmed essential details about it. However, Mr. Hernandez reported that instead of a machine, a pick up truck was pulling a cable with a chain at the time of the accident. According to him, the chain broke and struck Mr. Joya in the face.

15.    Following up on Mr. Hernandez's information, the investigator appeared at the Syracuse Code Enforcement Office and the Department of Buildings, asking for information about the stated location. He was advised they would process his request.

16. Mr. Ward also contacted O.S.H.A. again providing them with this location and the O.S.H.A. representative responded that there was a report of a complaint of an incident at 8693 Carpenter Road rather than 9695 Carpenter Road. However, although there was a complaint taken no action was taken by O.S.H.A. about it.

17. Mr. Ward received information about other potential witnesses and indicated that he would continue working with following up the information about the location of accident and the witnesses.

18. In a letter dated April 13, 2007, we received another report from the investigator advising that the Department of Buildings had no records regarding the street in question or any road work being done on Carpenter Road. However, the Department of Buildings cautioned that that agency would only have records of road work being done.

19. In this report, the agent also reported checking with the New York City Department of Transportation for all road work, permits and applications. None were found. He similarly checked with law enforcement throughout the area, but found no report of any incidents at or about the time in question.

20. Efforts to reach other witnesses were unsuccessful with reports from our investigator varying that they either could not be reached or were uncooperative.

21. Plaintiff's counsel however, continued to make telephone calls to the employer seeking to verify the location of the accident. Finally in a fax dated November 14, 2007 from Amy Solis of A&A Cable Contractors, Inc., we were advised that the closest location they could narrow for the accident was the 8600 block of Carpenter Road in a place called Radisson, New York. She also enclosed a report of injury and supplemental report of injury, which confirmed the essential

details of the accident. **(See Exhibit "3)**

None of this information was particularly useful since neither the first report of injury or the supplemental report identified where the accident took place and we could find no reference anywhere of any Township by the name of Radisson in the State of New York.

22.     In a letter dated November 16, 2007, we received a follow up investigative report from our investigator, at which time he confirmed that the town of Lysander was responsible for any road work being done within the City of Syracuse. The agent appearing at the Town of Lysander then submitted request for all records and permits for Verizon at or near the location of the loss during the subject year. These efforts were totally negative. One permit was issued to Verizon near the area of loss about two blocks away, but that permit was issued one month after the date of accident and the work was reportedly on a relay tower. No records were found indicating that the Plaintiff was injured at that location. The investigator reported that the witness he was speaking to, Mr. Hernandez, was no longer responsive to his inquiries and that his efforts to contact the employer were met with no cooperation. He concluded he found no police report on file, no permits within the State of New York and none within either the City of Syracuse or the Town of Lysander.

23.     Thereafter, your affiant continued with efforts to locate the site of the accident by placing telephone calls to Jessie Salcedo of Texas Mutual Insurance Company, the individual who had forwarded to us copies of his lien letter.

24.     I do recall several conversations with Mr. Salcedo, at which time he indicated he was unable to provide us with any further information. However, on April 9, 2008, pursuant to my request, he did enclose copies of sub-contractor agreements, which contained information about the terms of a sub-contractor agreement between defendant Mastec and A&A Cable Contractors. Most

importantly he attached as Schedule "1", a document which indicated that for this job the primary/contractor owner was Verizon, the contractor Mastec North America and the sub-contractor A&A Cable Contractors Inc. **(See Exhibits "4-5)**.

25. The effective date on that contract was May 5, 2006 and the primary contract location was Syracuse, New York. A job number of 61022 was referenced.

26. It was based on this last piece of information which specifically corroborated all the essential information to identify the potential parties to any lawsuit that a decision was made to file this action.

27. Plaintiff maintains that based on Exhibit "1" Verizon should be able to identify various sites in the Syracuse, New York region where work of this nature was being performed on May 15, 2006. Presumably the job number will be useful as well.

28. Plaintiff has used all reasonable means to identify the precise location of this accident.

29. This information cannot be obtained without obtaining discovery from the defendants in this case.

For all the foregoing reasons, it is respectfully requested that this Court enter an Order denying the motion for a more definite statement and compelling the defendant to file an answer within the time required by law.

Dated: New York, New York
      August 27, 2008

                             GINARTE, O'DWYER, GONZALEZ & WINOGRAD, LLP
                             *Attorneys for Plaintiff - JORGE JOYA*

                             Richard M. Winograd (RW6911)

      225 Broadway, 13th Floor
      New York, New York 10007
      (212) 601-9700

To: Ledy-Gurren Bass & Siff
   Attorneys for Defendants - **VERIZON**
   475 Park Avenue South
   New York, New York 10016
   (212) 447-1146

   Jones Hirsch Connors & Bull P.C.
   Attorneys for Defendants - **MASTEC**
   1 Battery Park Plaza, 28th Floor
   New York, New York 10004